UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------

EMERY LEE,

 Petitioner,

vs.

UNITED STATES OF AMERICA,

 Respondent.

: CASE NO. 5:15-cr-245
: CASE NO. 5:18-cv-2133
:
:
:
: OPINION & ORDER
: [Resolving Doc. 587]
:
:
:

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

 Emery Lee moves the Court under 28 U.S.C. § 2255 to change his sentence from 115 months to 60 months.[1] He claims he would have received the lower sentence had the government not violated his due process rights by requesting a higher sentencing guideline range than the government and Lee had arguably agree to in the plea agreement and had his counsel had not provided him ineffective representation during the guilty plea and sentencing stages. The government opposes Lee's motion.[2]

 For the following reasons, the Court **DENIES** Lee's § 2255 motion.

### I. Background

 A federal grand jury indicted Lee on 42 counts of a 51-count indictment.[3]

 On October 16, 2015, Lee pled guilty to Count 1, conspiracy to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).[4]

---

[1] Doc. 587.
[2] Doc. 596.
[3] Doc. 1.
[4] Doc. 197.

In Lee's Rule 11(c)(1)(A) plea agreement, Lee and the government recommended that the amount of cocaine involved corresponded to a base offense level of 30; that Lee's use of a firearm in relation to the conspiracy justified a two-level enhancement; and that the government would recommend a three-level reduction for accepting responsibility. The government and Lee's plea recommended a total offense level of 29. The parties left it to the Court to determine the applicable criminal history category. The parties also agreed to request a sentencing guideline range based on the above stipulated guideline range.[5]

Lee's plea agreement also recognized that "Defendant understands that sentencing rests within the discretion of the Court[.]"[6] Under the plea, Lee also agreed that he: "understands that the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the advisory guideline range under the Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside the advisory guideline range, and what sentence to impose. Defendant further understands that once the Court has accepted Defendant's guilty plea, Defendant will not have the right to withdraw such a plea if the Court does not accept any sentencing recommendations made on Defendant's behalf or if Defendant is otherwise dissatisfied with the sentence."[7]

In the pre-sentence report's sentencing recommendation, the Probation Officer recommended an additional four-point leadership-role enhancement not present in the plea agreement. Then, at the February 2, 2016 sentencing hearing, the government asked

---

[5] Doc. 197 ¶ 14.
[6] Doc. 197 ¶ 12.
[7] Doc. 197 ¶ 15.

Case No. 5:15-cr-245
Gwin, J.

the Court for a sentence within the guideline range, but did not specify that the government referred to the plea agreement's stipulated guideline range, not the Probation Officer's recommended guideline range.

In calculating the guideline range, the Court found it should apply the four-point leadership-role enhancement. The Court sentenced Lee to a 115-month prison term.[8]

Lee timely appealed. He claimed that the government breached the plea agreement by requesting a higher guideline range (110 to 137 months) than the range specified in the plea agreement (77 to 96 months). Lee complained that the higher range included a four-point leadership-role enhancement not included in the plea agreement.

The Sixth Circuit found that the government had breached the plea agreement, but affirmed Lee's sentence under a plain error analysis.[9] Citing various comments the Court had made during the sentencing hearing, the Sixth Circuit reasoned that it was not reasonably probable that, had the government not requested the higher guideline range, the Court would have given a lesser sentence.

## II. Legal Standard

A federal prisoner may collaterally attack his sentence by filing a § 2255 motion to vacate, set aside, or correct the sentence. To prevail on a § 2255 motion, a movant "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[10]

---

[8] Docs. 381, 491.
[9] Doc. 587-1 at 8–10.
[10] *Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted).

-3-

A § 2255 motion, however, "may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."[11]

In addition, movants typically waive any arguments not raised at sentencing or on direct appeal.[12] However, a movant can still obtain review of a sentencing claim if the claim's forfeiture resulted from ineffective assistance of counsel.[13]

### III. Discussion

Defendant Lee claims that the government violated his due process rights by breaching the plea agreement at the sentencing hearing. He further claims that he suffered a Sixth Amendment violation because his trial counsel failed to object to the pre-sentence report and the government's unclear request for a guideline range sentence. He also claims that his trial counsel's representation was deficient in other ways.

### A. Defendant Lee Previously Litigated or Waived His Due Process Claim

The Court cannot consider Defendant Lee's plea agreement breach due process claim for the first time in this § 2255 motion. Lee either previously litigated the claim or—if this constitutional claim is distinguishable from his direct appeal claim—waived it. Lee does not say that his *appellate* counsel, as opposed to his trial counsel, gave him ineffective representation. Accordingly, he cannot claim ineffective representation caused him to forfeit the due process claim on direct appeal.

---

[11] *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citation omitted).
[12] *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).
[13] *Id.*

**B. Ineffective Assistance of Counsel Claims Based on Trial Counsel's Failure to Object**

The Court considers Defendant Lee's Sixth Amendment ineffective assistance of counsel claims. These claims must satisfy the two-part *Strickland v. Washington*[14] standard. Defendant Lee must show that (1) his "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense," such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15]

Defendant Lee argues that his trial counsel was ineffective because he did not file a written objection to the pre-sentence report. Unlike the plea agreement, the report recommended a four-point leadership-role enhancement.

Lee's argument does not succeed. First, it is not clear that Lee's trial counsel could have objected to anything in the report. Lee does not argue that the four-point leadership-role enhancement was based on incorrect facts. Instead, Lee simply argues that the sentencing recommendation diverged from that in the plea agreement.

Lee misunderstands the Probation Officer's role. The *United States Sentencing Commission Guidelines Manual* recommends sentence ranges based on the defendant's actual conduct (i.e., real offense sentencing) as opposed to the offense for which the defendant is charged and convicted (i.e., charge offense sentencing).[16] Helping to effect this policy, probation officers interview a defendant and prepare a pre-sentence report with material information about the defendant's conduct. Probation officers then offer a

---

[14] *Strickland v. Washington,* 466 U.S. 668 (1984).
[15] *Id.* at 687–88, 694.
[16] U.S. Sentencing Guidelines Manual ch. 1, pt. A, at 6 (U.S. Sentencing Comm'n 2018).

Case No. 5:15-cr-245
Gwin, J.

sentencing recommendation.[17] The parties must state in writing any objections to the report within 14 days.[18]

In preparing the material information and sentencing recommendation, the probation officer is not limited to the plea agreement stipulations. Nor is the court limited to considering the stipulations when determining an appropriate sentence.[19]

As important, excepting Rule 11(c)(1)(C) agreements, prosecutors' recommended sentences receive limited weight. Likewise, probation officers' recommended sentences are considered but are in no way controlling.

In the present case, the Probation Officer properly gave the Court a sentencing recommendation based on the defendant's interview. The Probation Officer also explicitly pointed out in the sentencing recommendation that the plea agreement did not include the four-point leadership-role enhancement that the Probation Officer recommended.[20] Thus, Defendant Lee's counsel was not ineffective for failing to object to the report.

Even if Lee's trial counsel was ineffective for failing to object, however, Lee has not shown a reasonable probability that he otherwise would have received a lower sentence. At sentencing, Lee's trial counsel did object to the Court labeling Lee as an "organizer or leader" under the aggravating role enhancement.[21] After a substantial discussion between Lee's counsel and the Court,[22] the Court decided that the extent of Lee's involvement and

---

[17] *Cf.* U.S. Sentencing Guidelines Manual § 6A1.2(a) (requiring the probation officer to give the report to the parties and their attorneys at least 35 days before sentencing).
[18] U.S. Sentencing Guidelines Manual § 6A1.2(b).
[19] *See United States v. Smith*, 613 F. App'x 522, 526 & n.1 (6th Cir. 2015).
[20] Doc. 335 ¶ 41 ("**Adjustment for Role in the Offense:** Since the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, there is an increase by 4 levels, USSG §3B1.1(a). *The Plea Agreement does not include this increase.*").
[21] U.S. Sentencing Guidelines Manual §3B1.1(a).
[22] Doc. 491 at 8:19–13:21.

Case No. 5:15-cr-245
Gwin, J.

conduct showed that he was "really at the top of th[e] conspiracy."[23]

Lee also argues that his trial counsel was ineffective because he did not object to the government's request for a higher sentencing guideline range. For the same reasons as his pre-sentence report argument, Lee has not shown a reasonable probability that, but for his counsel's failure to object, he would have received a lower sentence. This argument fails as well.

### C. Other Ineffective Assistance of Counsel Claims

Defendant Lee's other ineffective assistance of counsel claims also fail.

Lee argues that his counsel ineffectively represented him because he promised Lee a sentence of 60 months, or 71 months at most. However, Lee's own statements contradict this. In the plea colloquy and plea agreement, Lee acknowledged that the Court could sentence him to a term other than that in the plea agreement[24] and—notably—that no one had promised him otherwise.[25]

In addition, Defendant Lee argues that his trial counsel's performance was deficient in negotiating the plea agreement and that his counsel coerced him into taking the plea by giving him no other options. Again, the record shows otherwise.

Defendant Lee entered the plea agreement knowing his options. At sentencing, he stated that his counsel had communicated various ways to defend against the charges and

---

[23] Doc. 491 at 17:18–18:4, 19:8–10; *see, e.g., id.* at 17:18–24 ("You were really at the top of that conspiracy. You were the major conduit of all the drugs that were associated with the conspiracy, at least, for a long period of the conspiracy. So in terms of the nature and circumstances of the offense, this recommends a longer sentence to you just because you were at the top of it.").

[24] *See* Doc. 490 at 11:24–13:4; Doc. 197 ¶ 15. Defendant Lee said he read every page in his plea agreement. Doc. 490 at 11:3–5. And plea agreement paragraph 15, entitled "Sentencing Recommendations Not Binding on the Court," said the same thing. Doc. 197 ¶ 15.

[25] Doc. 197 ¶ 31; Doc. 490 at 11:10–14.

Case No. 5:15-cr-245
Gwin, J.

had made himself available to Lee.[26] Moreover, Defendant Lee benefitted greatly from the plea agreement. Overall, the agreement reduced his potential life sentence to a little under ten years.

As for Defendant Lee's remaining claims, the sentencing hearing transcript directly contradicts his claim that trial counsel did not give him the pre-sentence report.[27] Lee's counsel also did not perform deficiently by not giving a copy of the pre-sentence report to Lee's step-daughter.

Defendant Lee does not succeed on his Sixth Amendment ineffective assistance of counsel claims.

### IV. Conclusion

For the reasons stated, the Court **DENIES** Defendant Lee's § 2255 motion to vacate and correct his sentence. The Court certifies that no basis exists upon which to issue a certificate of appealability.[28]

IT IS SO ORDERED.

Dated: December 31, 2018         *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[26] Doc. 490 at 9:11–10:2.
[27] Doc. 491 at 3:9–15 ("THE COURT: . . . Mr. Lee, did you receive a copy of the presentence report? THE DEFENDANT: Yes, your Honor. THE COURT: And did you go through each paragraph of the report with Mr. Luskin? THE DEFENDANT: Yes, your Honor.").
[28] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).