UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:15-cr-00245 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 641] |
| vs. | : | |
| EMERY LEE, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Emery Lee requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposed Lee's petition.[2]

For the reasons stated below, the Court **GRANTS** Lee's motion for compassionate release.

I.      Background

On October 16, 2015, Defendant Lee pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine.[3]  On February 2, 2016, this Court sentenced Lee to 115-months imprisonment followed by five years of supervised release.[4]

On April 13, 2020, Lee filed the instant motion for compassionate release.[5]

For the following reasons, the Court **GRANTS** Lee's motion for compassionate

---

[1] Doc. 641.  In response to this Court's order, Lee also filed a Notice of Warden's Response to Compassionate Release Application.  Doc. 644.  Counsel filed a reply to the Government's response to Lee's motion.  Doc. 648.

[2] Doc. 642.  In response to this Court's order, the Government filed a second Response in Opposition.  Doc. 647.

[3] Doc. 196.

[4] Doc. 381.

[5] Doc. 641.

Case No. 5:15-cr-00245
Gwin, J.

release.

## II.     Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6]  Lee submitted as an exhibit a letter from the Warden, dated May 11, 2020, acknowledging Lee's compassionate release petition and denying the request.[7]  The letter acknowledges that the Warden received Lee's request on May 1, 2020.[8]  Because more than 30 days have passed since Lee's request, he has met the statutory exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[9]  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[10]  Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[11]

Lee argues that he is 65 years old and suffers from medical conditions that put him

---

[6] 18 U.S.C. § 3582(c)(1)(A)(i).

[7] Doc. 644-1.

[8] *Id.*  Additionally, the Government states that Lee sent an electronic request for compassionate release on April 8, 2020, but "[h]e was instructed to submit a request in accordance with Program Statement 5050.50 Compassionate Release/RIS."  Doc. 642 at 3-4.

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *Id.*

[11] *Id.*

Case No. 5:15-cr-00245
Gwin, J.

at higher risk of serious medical consequences, including death, if he contracts COVID-19.[12]  Specifically, he states that he has high blood pressure, high cholesterol, "bad kidneys," and is borderline diabetic.[13]  In response to this Court's order, the Government provided Lee's medical records, which confirm his age, hypertension, high cholesterol, chronic kidney disease, and prediabetes.[14]

Lee's conditions, in conjunction with the presence of COVID-19 at FCI Allenwood Low, are extraordinary and compelling reasons that justify the grant of compassionate release.[15]  Because Lee is at a greater risk for medical complications if he contracts the virus, Lee's health and life are in grave danger if he continues to serve his sentence at FCI Allenwood Low.  Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Lee's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court orders that Lee shall serve his remaining months of imprisonment on supervised release and gives credit for time served.

---

[12] Doc. 641 at 2.

[13] *Id.*

[14] *See, i.e.,* Doc 647-3 at 7-9.

[15] Lee's compassionate release motion implicates the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1.  The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists.  USSG § 1B1.13 cmt. n.1.  However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons."  *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1).  Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum."  *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one").  This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release.  *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

Case No. 5:15-cr-00245
Gwin, J.

The conditions of that supervised release include those originally imposed at Lee's

sentencing, with the additional requirement of home incarceration with electronic

monitoring.  Lee may only leave his residence with prior permission from a probation

officer.  After Lee's period of supervised release with home confinement expires it is to be

followed by the five years of supervised release imposed at Lee's sentencing, under the

supervised release terms of his original sentence.[16]

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-

transfer quarantine, to ensure the Lee is COVID-19 free prior to his release.


IT IS SO ORDERED.


Dated:  July 27, 2020                                    s/        James S. Gwin
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[16] Doc. 381.